IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR.NO. 2:05CR268-A |
| | * | |
| CRYSTAL DENISE PHILLIPS | * | |

**MOTION TO SUPPRESS STATEMENTS**

Crystal Phillips, by undersigned counsel, moves the Court for the entry of an order directing that oral and written statements she gave to agents of the United States Department of Homeland Security be suppressed and that the government be prohibited from utilizing such statements at trial. The motion is based upon the Fifth Amendment to the Constitution as explained in *Miranda v. Arizona*, 384 U. S. 436 (1966), and its progeny, and in support of the motion, the following is shown to the Court:

**Facts**

1.  On October 11, 2005, Ms. Phillips was interrogated by Special Agents of the United States Department of Homeland Security as part of an investigation into a possible false claim for disaster assistance filed with the Federal Emergency Management Agency (FEMA) arising out of the aftermath of Hurricane Katrina.

2.  Ms. Phillips, is a public housing tenant residing in a Montgomery Housing Authority project. She was instructed to report to the project's rental office on October 11, 2005, by an employee of the Montgomery Housing Authority who conveyed that instruction to Ms. Phillips at the behest, direction, or instruction of the Special Agents of the United States Department of Homeland Security.

3.  Ms. Phillips reported to the rental office based upon the directive described in

paragraph 2, above. When she appeared at the project's rental office, Ms. Phillips was met by the two Special Agents of the United States Department of Homeland Security who identified themselves and proceeded to conduct an interrogation of Ms. Phillips relating to their investigation of possible fraudulent claims for FEMA disaster assistance.

4. Prior to commencing the interrogation of Ms. Phillips, the Special Agents did not administer *Miranda* warnings, did not inform Ms. Phillips that she did not have to speak with them and did not inform Ms. Phillips that she was free to leave the rental office without submitting to the Special Agents' interrogation, or otherwise answer any of their questions.

5. Based upon the actions and inactions of the Special Agents of the United States Department of Homeland Security, Ms. Phillips submitted to the interrogation, answered questions posed to her by the Special Agents and, at their instruction, hand wrote a statement on a form provided by the Special Agents. It is all of the statements, oral and written, to which this motion to suppress is directed.

### Issues Presented

6. For purposed of the interrogation by the Special Agents of the United States Department of Homeland Security, Ms. Phillips was "in custody". The determination of whether one is "in custody" is made by a court which evaluates the circumstances from the perspective of a reasonable individual in the position of the person being interrogated. *Berkemer v. McCarty*, 468 U. S. 420, 442 (1984). In making the determination of whether one was "in custody" the totality of the circumstances is considered. *California v. Beheler*, 463 U.S. 1121, 1125 (1983).

7. Prior to seeking to interrogate Ms. Phillips, the Special Agents knew that Ms. Phillips was a suspect, or target, of a criminal investigation, into fraudulent FEMA claims.

8. The purpose of the Special Agents' interrogation of Ms. Phillips was to further their

criminal investigation and/or obtain inculpatory statements from Ms. Phillips.

9. Based upon the totality of the circumstances, Ms. Phillips did not believe that she was free to leave the interrogation that was conducted by the Special Agents.

10. The warnings required by *Miranda v. Arizona* were not given to Ms. Phillips even though she was "in custody" for purposes of the interrogation.

11. Ms. Phillips' Fifth Amendment right against self-incrimination was violated by the Special Agents' action in conducting an interrogation of Ms. Phillips while she was "in custody' and without administering the warnings required by *Miranda v. Arizona.*

WHEREFORE, Ms. Phillips prays the Court will conduct a hearing on this motion and, after such hearing, issue its order directing that all statements, oral and written, given by Ms. Phillips to the Special Agents of the United States Department of Homeland Security be suppressed and further order that no use or mention of such statements be made by the government, except as authorized under existing law.

RESPECTFULLY SUBMITTED this the 17th day of January, 2006.

_____
STEPHEN R. GLASSROTH (GLA005)
Attorney for the defendant
s/Stephen R. Glassroth
Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
srg@glassrothlaw.com

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew O. Schiff

    Respectfully submitted,
    s/Stephen R. Glassroth
    Stephen R. Glassroth
    THE GLASSROTH LAW FIRM, P.C.
    615 S. McDonough Street
    Post Office Box 910
    Montgomery, Alabama 36101-0910
    (334) 263-9900
    (334) 263-9940 - fax
    srg@glassrothlaw.com