IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO.  2:05cr268-A |
| v. ) | |
| ) | |
| CRYSTAL DENISE PHILLIPS ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS STATEMENTS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds to Defendant's Motion to Suppress Statements.

**I.   STATEMENT OF FACTS**

On October 11, 2005, two special agents of the United States Department of Homeland Security, Office of Inspector General ("OIG") were attempting to locate and interview the Defendant Crystal Phillips.  The OIG agents spoke with police officers of the Montgomery Housing Authority ("MHA"), who directed the agents to the rental office for the portion of the housing complex where Phillips lived.  When the agents arrived at the office, a civilian MHA employee agreed to call Phillips and ask her to come to the office.  Phillips arrived shortly thereafter, and the MHA employee told Phillips that "these gentlemen," i.e., the OIG agents, wanted to talk to her.  The OIG agents then began asking Phillips about the claim for FEMA benefits that had been submitted in her name.  Phillips then gave the verbal and written statements in question, copies of which are attached hereto, respectively, as Exhibits A and B.

Prior to the questioning, the OIG agents did not administer *Miranda* warnings.  However, she was not handcuffed, and the agents neither told Phillips that she was under arrest nor did they tell

her that she was not free to leave. The entire interview took approximately 20-25 minutes. Based on these facts, Phillips was not in custody and her statements should not be suppressed.

## II.  DISCUSSION

The Government does not dispute that *Miranda* warnings were not given and that Phillips' statements were made in response to interrogation. However, the *Miranda* rule applies only to statements made during *custodial* interrogation, and Phillips cannot sustain her burden of demonstrating that she was in custody. *See People v. Charles*, 738 F.2d 686, 691-92 (5th Cir.1984) ("[D]efendants' burden required that at a minimum they demonstrate that the . . . statements were obtained while they were under custodial interrogation").

In determining whether an individual was in custody, "the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam) (citations and quotations omitted). The issue of custody "must be determined based on how a reasonable person in the suspect's situation would perceive his circumstances." *Yarborough v. Alvarado*, 541 U.S. 652, 662 (2004).

Here, Phillips was interviewed in a MHA office, a setting far less coercive than a police station. *See United States v. Phillips*, 812 F.2d 1355, 1360 (11th Cir. 1987) (interview was non-custodial even though it took place in police station and defendant was not expressly told that he was free to leave); *see also United States v. Muegge*, 225 F.3d 1267 (11th Cir. 2000) (per curiam) (interview took place at office of federal agents). The fact that Phillips was asked to come to the interview by a MHA employee certainly does not render the interview custodial. *Cf. Muegge*, 225 F.3d at 1270 (fact that supervisor instructed defendant to report to agents' office did not render

interview custodial). Phillips has cited no case involving similar facts where the interview was held to be custodial, and the Government has found none. Therefore, Phillips has failed to sustain her burden of demonstrating that she was subject to custodial interrogation, and her motion to suppress should be denied.

## CONCLUSION

For the reasons set forth above, the United States requests that defendant's motion to suppress statements be denied.

Respectfully submitted this 7th day of February, 2006.

                                        LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      /s/Andrew O. Schiff
                                      ANDREW O. SCHIFF
                                      Assistant United States Attorney
                                      One Court Square, Suite 201
                                      Montgomery, AL 36104
                                      Phone: (334)223-7280
                                      Fax: (334)223-7135
                                      E-mail: andrew.schiff@usdoj.gov
                                      Bar ID 43641

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO.   2:05cr268-A   |
| v. | ) | |
| | ) | |
| CRYSTAL DENISE PHILLIPS | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stephen Glassroth, Esquire.

                                          Respectfully submitted,

                                          /s/Andrew O. Schiff
                                          ANDREW O. SCHIFF
                                          Assistant United States Attorney
                                          One Court Square, Suite 201
                                          Montgomery, AL 36104
                                          Phone: (334)223-7280
                                          Fax: (334)223-7135
                                          E-mail: andrew.schiff@usdoj.gov
                                          Bar ID 43641