IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr268-WHA |
| | ) | (WO) |
| CRYSTAL DENISE PHILLIPS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 15, 2005, the defendant was charged in a one count indictment. The criminal charge against the defendant arises from her application for Hurricane Katrine disaster relief benefits from the Federal Emergency Management Agency ("FEMA"). The defendant, Crystal Denise Phillips ("Phillips"), is charged with devising a scheme for obtaining money by means of false and fraudulent pretenses. The indictment alleges that to carry out the scheme, she "knowingly and willfully placed and caused to be placed in a post office and authorized depository for mail, and took and received therefrom, a United States Treasury check payable to "Crystal Phillips" in the amount of $2000," in violation of 18 U.S.C. § 1341 and § 2.

On January 17, 2006, Phillips filed a motion to suppress (doc. # 15) in which she asserts that her statements to the Special Agents of the United States Department of Homeland Security are due to be suppressed because the statements were obtained while she was in custody and interrogated without having been advised of her *Miranda* warnings.[1] On February 8, 2006, the court held an evidentiary hearing and heard argument on the motion.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Based on the evidence and argument of counsel, the court concludes that the motion to suppress is due to be denied.

## FACTS

The facts are largely undisputed. On October 11, 2005, two officers from the Department of Homeland Security, Office of Inspector General, arrived in Montgomery, Alabama to investigate a possible fraudulent claim for Hurricane Katrina disaster relief with the Federal Emergency Management Agency (FEMA). The agents' investigation led them to the defendant who was living in public housing. Special Agent Terry Crump contacted the local public housing police who referred him to the public housing management office. At the management office, an employee of the Montgomery Public Housing Authority telephoned the defendant and requested that she come to the office.

When Phillips arrived at the rental office, Special Agent Crump and Special Agent Monnin identified themselves as law enforcement officers and showed Phillips their credentials. The agents took Phillips into a private office and closed the door. Neither agent told Phillips that she was under arrest but neither did they tell her that she was free to leave. The United States concedes that, at the time she was interviewed, Phillips was a suspect in their criminal investigation. It is undisputed that Agent Crump interrogated Phillips without administering the *Miranda* warnings. As a result of his interrogation, Phillips made incriminating statements about her role in obtaining a disaster relief benefit check from FEMA and her subsequent attempt to cash that check.

## DISCUSSION

The defendant seeks suppression of all oral and written statements she made to the special agents during the interrogation at the rental office on October 11, 2005, arguing that she was subjected to a custodial interrogation without the benefits of the *Miranda* warnings.[2] The United States concedes that Phillips was not given *Miranda* warnings at the time she was questioned and before she made incriminating statements. However, the United States argues that the interview was a "non-custodial" interview and, therefore, not subject to *Miranda*.[3]

The sole issue before the court is whether Phillips was in custody for the purpose of requiring she be given the *Miranda* warnings. The "Fifth Amendment privilege against self-incrimination prohibits admitting statements given by a suspect during 'custodial interrogation' without a prior warning." *Illinois v. Perkins*, 496 U.S. 292, 296 (1990). "*Miranda* warnings are due only when a suspect interrogated by the police is "in custody." *Thompson v. Keohane*, 516 U.S. 99, 102 (1995). *See also Beckwith v. United States*, 425 U.S. 341, 347 (1976). Thus, Phillips' statements are admissible unless she was in custody. *United States v. Grimes*, 142 F.3d 1342, 1348 (11th Cir. 1998).

Whether a person is in custody is viewed from the perspective of a reasonable person

---

[2] *Miranda, supra.*

[3] The fact that Agent Crump described the interview as "non-custodial" is irrelevant to the court's inquiry. *See United States v. Muegge*, 225 F.3d 1267, 1270 fn. 1 (11th Cir. 2000) ("The interview form that was marked by the agents as "non-custodial" and initialed by [the defendant] is irrelevant to our analysis. A reasonable man might not have understood the significance of the word "non-custodial.")

in the position of the suspect. *United States v. Adams*, 1 F.3d 1566, 1575 (11th Cir.1993). "[I]n order for a court to conclude that a suspect is in custody, it must be evident that, under the totality of the circumstances, a reasonable man in the suspect's position would feel a restraint on [her] freedom of movement fairly characterized as that 'degree associated with a formal arrest' to such extent that he would not feel free to leave." *United States v. Phillips*, 812 F.2d 1355, 1360 (11th Cir.1987).

Phillips was neither told she was under arrest nor was she handcuffed. The agents identified themselves as law enforcement officers and explained the purpose of their questioning. Although Phillips was interviewed in a room at the housing authority's rental office, she was not locked in the room.[4] Phillips' "status as a suspect, and the "coercive environment" that exists in virtually every interview by a police officer of a crime suspect, did not automatically create a custodial situation." *Muegge*, 255 F.3d at 1270. There is simply no evidence that Phillips was under any kind of restraint while at the rental office, or that her presence at the housing office was coerced. She was asked to come to the office by an employee of the housing authority, and Phillips produced no evidence to show that she had any prior experiences with that person or with the housing authority in general to suggest that a reasonable person would find that location coercive or oppressive. She presented no evidence that the interrogation was coercive. She was permitted to leave after the interview

---

[4] The courts have consistently held that the mere fact that an interview is conducted at the police department is not sufficient to demonstrate that a defendant was restrained to a degree associated with an arrest. *See Phillips, supra; Muegge, supra.*

4

and not arrested until seven weeks later. *See Muegee, supra*. Consequently, the court concludes that a reasonable person in the Phillips' position would have felt free to leave during the interview. The court concludes Phillips was not in custody; therefore, no *Miranda* warnings were required.

Phillips seems to argue that the court should somehow factor into the "reasonable person" analysis the agents' subjective intent and purpose. The court rejects this argument as the agents' subjective beliefs and intent are irrelevant to the court's inquiry. "A policeman's unarticulated plan has no bearing on the question whether a suspect was "in custody" at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Beckemer v. McCarty*, 468 U.S. 420, 442 (1984). *See also Beckwith v. United States*, 425 U.S. 341, 346 (1976) (the emphasis is on "the compulsive aspect of custodial interrogation and not the strength or content of the government's suspicions at the time the questioning was conducted...").

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to suppress be DENIED. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 27, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE