IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR.NO. 2:05CR268-A |
| | * | |
| CRYSTAL DENISE PHILLIPS | * | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Comes Now, Crystal Denise Phillips, by undersigned counsel, who requests that the following proposed jury instruction be given by the Court when it instructs the jury on the law in this cause.

          Respectfully submitted,

          s/Stephen R. Glassroth
          Stephen R. Glassroth
          THE GLASSROTH LAW FIRM, P.C.
          615 S. McDonough Street
          Post Office Box 910
          Montgomery, Alabama 36101-0910
          (334) 263-9900
          (334) 263-9940 - fax
          srg@glassrothlaw.com

OF COUNSEL:
Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
srg@glassrothlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Andrew O. Schiff.

<div style="margin-left: 40%;">
Respectfully submitted,
s/Stephen R. Glassroth
Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
srg@glassrothlaw.com
</div>

**Defendant's Requested Jury Instruction No. 1**

**Indictment Not Evidence; Presumption of Innocence**

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

11th Cir. Pat Instr., Basic Instr. Crim. No 2.1

**Defendant's Requested Jury Instruction No. 2**

**REASONABLE DOUBT**

While the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

11th Cir. Pat. Instr., Basic Instr. Crim No. 3

**Defendant's Requested Jury Instruction No. 3**

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instruction to you on the law, you should disregard anything I may have said during the trial in arriving at your own decisions concerning the facts.

11th Cir. Pat. Instr. , Basic Instr. Crim. No 4.2

**Defendant's Requested Jury Instruction No. 4**

**Direct And Circumstantial Evidence Defined**

In considering the evidence you may make deductions and reach conclusions which a reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstanital. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

11th Cir. Pat. Instr. Crim., Basic Instr. No. 4.2

**Defendant's Requested Jury Instruction No. 5**

**Witness Credibility**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

11th Cir. Pat. Instr. Crim., Basic Instr. No. 5

**Defendant's Requested Jury Instruction No. 6**

**Impeachment-Prior Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember others things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that my depend on whether it has to do with an important fact or with only an unimportant detail.

11th Cir. Pat. Instr. Crim., Basic Instr. No 6.1

**Defendant's Requested Jury Instruction No. 7**

The work "knowingly," as that term is used in the indictment or in these instruction, means that the act was voluntarily and intentionally and not because of mistake or accident.

The work "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

11th. Cir. Pat. Instr. Crim. No. 901

**Defendant's Requested Jury Instruction No. 8**

Elements and Definitions - - 18 USC § 1341 (Mail Fraud)

Title 18, United States Code, Section 1341, makes it a Federal crime or offense for anyone to use the United States mails in carrying out a scheme to defraud.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second: That the false or fraudulent pretenses, representations or promises related to a material fact:

Third: That the Defendant acted willfully with an intent to defraud; and

Forth: That the Defendant used the United States Postal Service by mailing or by causing to be mailed some matter or thing for the purpose of executing the scheme to defraud.

The term "scheme to defraud" included any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises.

The statement or representation is "false" or "fraudulent" if it related to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, provided it is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, provided it is made with intent to defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction. A fact is "material" if it has a natural tendency to influence, or is capable if influencing, the decision of the person or entity to who or to

which it is addressed. A false or fraudulent statement, representation or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.

To act with "intent or defraud" means to act knowingly and with the specific intent to deceive or cheat someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment, and that the use of the United States mail was closely related to the scheme because the Defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen.

11th Cir. Pat. Instr. Crim. No 50.1

**Defendant's Requested Jury Instruction No. 9**

**Duty to Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. You deliberations will be secret: you will never have to explain your verdict to anyone.\

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after dull consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up our honest beliefs solely because others think differently or merely to get the case over with.

Remember, that in a very real way you are judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11th Cir. Pat. Instr. Crim., Basic No. 11